In re: LAWNMOWER ENGINE HORSEPOWER MARKETING AND SALES PRACTICES LITIGATION.

MDL No. 1971.

United States Judicial Panel on Multidistrict Litigation.

Aug. 12, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiffs in all three actions have jointly moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of New Jersey. All responding defendants agree that centralization is appropriate. Defendant MTD Products, Inc., supports centralization in the District of New Jersey, while the nine other responding defendants[1] suggest centralization in the Southern District of Illinois or, alternatively, the Northern District of Illinois.

This litigation presently consists of three actions listed on Schedule A and pending in three districts as follows: one action each in the Northern District of California, the Southern District of Illinois and the District of New Jersey.[2]

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. While these putative statewide class actions share some questions of fact relating to alleged fraudulent marketing of lawnmower engines, movants have failed to convince us that those questions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Alternatives to transfer exist that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.

## SCHEDULE A

MDL No. 1971 — IN RE: LAWNMOWER ENGINE HORSEPOWER MARKETING AND SALES PRACTICES LITIGATION

*Northern District of California*

*Carl Phillips v. Sears, Roebuck & Co., et al.,* C.A. No. 4:08–2671

*Southern District of Illinois*

*Ronnie Phillips, et al. v. Sears Roebuck & Co., et al.,* C.A. No. 3:06–412

*District of New Jersey*

*William Fritz v. Sears, Roebuck & Co., et al.,* C.A. No. 3:08–2545

---

1. Sears, Roebuck and Co.; Deere & Co.; Tecumseh Products Co.; Briggs & Stratton Corp.; Kawasaki Motors Corp. U.S.A.; The Toro Co.; Electrolux Home Products, Inc.; The Kohler Co.; and Husqvarna Outdoor Products, Inc.

2. The Panel has been notified of one additional related action.